The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on a proposed use of monies in the "Justice Building Commission's Fund." Specifically, you indicate that a state agency, currently a tenant in the Justice Building, is being asked to relocate. As a part of the relocation expenses, the agency will incur about $4,000 in costs to move its telephone and data management systems. You pose the two following questions based upon these facts:
 1. Is it permissible for the Justice Building Commission to reimburse the agency for these costs from the Justice Building Commission's Fund?
 2. If so, should the payment go directly to the state agency, if not, to whom should it be paid?
It is my opinion, assuming you are referring to the "Justice Building Fund" created at A.C.A. § 22-3-919 (1987), that the answer to your first question is "no."
Subsection (b) of A.C.A. § 22-3-919 provides that:
 The moneys in the Justice Building Fund shall be used for no other purposes than to pay the principal of and interest on bonds that may be issued by the commission, to pay agent's fees, and to pay the operation and maintenance expenses of the Justice Building after its construction.
The restricted nature of these funds is again referenced at A.C.A. § 22-3-911, which, in discussing the bonds issued by the Commission, states:
 (a) The bonds and interest thereon shall be payable solely from and secured by a pledge of the gross revenues in the Justice Building Fund, which revenues are specifically declared to be cash funds, restricted in their use, and dedicated solely for the purposes set forth in this subchapter. [Emphasis added.]
It is my opinion that reimbursing a tenant for relocating expenses would not be an expenditure for the purposes set out in the statutes, the broadest of which is to pay for the "operation and maintenance expenses of the Justice Building. . . ." It is therefore my opinion that the answer to your first question is "no." An answer to your second question is therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh